IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL LEE, #Y17162,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 21-cv-1119-SPM |
| ) | |
| **NURSE TOTTEN,** ) | |
| **WEXFORD HEALTH SOURCES,** ) | |
| **IDOC, and** ) | |
| **L. LIVINGSTON,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Michael Lee, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was confined at Lawrence Correctional Center related to disclosure of his private medical information. (Doc. 1). He seeks monetary damages. *Id.*

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): On June 21, 2021,

1

Defendant Nurse Totten came to Plaintiff's cell with a correctional officer. They took Plaintiff out of his cell to weigh him and collect a urine sample; this took place near the cell within view and earshot of neighboring prisoners. (Doc. 1, p. 12). Totten refused Plaintiff's request to be taken to a medical room for his privacy and directed him to urinate in a cup and return to his cell. Totten further asked Plaintiff, in front of many other prisoners, why he submitted "so many" medical requests regarding blood leaking out of his penis. *Id.* These events improperly exposed Plaintiff's private medical information and failed to comply with "regular protocol." *Id.*

Plaintiff sues Wexford Health Sources ("Wexford") and the IDOC because they oversee Totten's conduct and failed to investigate his claim. (Doc. 1, p. 12). Defendant Livingston (a Correctional Counselor) failed to investigate Plaintiff's grievance over the matter, merely saying that all staff are trained yearly on HIPAA.[1] (Doc. 1, pp. 3, 5, 12).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Claim against Totten for improperly disclosing Plaintiff's private medical condition/information to other prisoners on June 21, 2021, and against Wexford and the IDOC for failing to ensure that Totten followed proper protocol on medical privacy.
>
> Count 2: Claim against Livingston for failing to investigate Plaintiff's grievance over the above incident.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice**

---

[1] Health Insurance Portability and Accountability Act.

2

**as inadequately pled under the *Twombly* pleading standard**.[2]

### Count 1

"The Supreme Court has recognized a constitutional right to information privacy under the Fourteenth Amendment." *Franklin v. McCaughtry*, 110 F. App'x 715, 718-19 (7th Cir. 2004) (citing *Whalen v. Roe,* 429 U.S. 589, 599-600 (1977)). "Prisoners, though, at best have very limited privacy rights." *Id.* The Seventh Circuit has acknowledged that certain disclosures of medical information may be actionable under the Eighth Amendment's cruel and unusual punishment clause. *Anderson v. Romero*, 72 F.3d 518 (7th Cir. 1995). "If prison officials disseminate[ ] humiliating but penologically irrelevant details of a prisoner's medical history, their action might conceivably constitute the infliction of cruel and unusual punishment; the fact that the punishment was purely psychological would not excuse it." *Id.* The *Franklin* court recognized a distinction between a "purposeful dissemination of intensely private medical information" such as HIV status or gender identity, which may be actionable under the Eighth Amendment, and disclosure of "fairly pedestrian maladies" (in that case, a cancerous finger sore, diabetes, and the need for eyeglasses) which does not rise to the level of a constitutional violation. *See also Salas v. Grams*, No. 09-CV-237WMC, 2010 WL 2757322, at *3-4 (W.D. Wis. July 13, 2010) (providing routine medical treatment for a cut on plaintiff's arm in the dayroom in the presence of other prisoners did not amount to a constitutional violation).

The Second and Third Circuits have recognized a prisoner's right to confidentiality of a specific medical condition, but not a blanket right to privacy of all medical information. *Powell v. Schriver*, 175 F.3d 107, 111-13 (2d Cir. 1999) (noting "the interest in the privacy of medical information will vary with the condition" and transgender individuals "are among those who

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

possess a constitutional right to maintain medical confidentiality"); *Doe v. Delie*, 257 F.3d 309, 315-17 (3d Cir. 2001) (HIV-positive status). These cases also drew a distinction regarding the purpose of the disclosure. *Powell*, 175 F.3d at 112 ("gratuitous disclosure of an inmate's confidential medical information as humor or gossip . . . violates the inmate's constitutional right to privacy").

Examining Plaintiff's Complaint in the context of this guidance, Totten's disclosure that Plaintiff sought treatment for bleeding from his penis or blood in his urine may have been inappropriate, but did not involve an "intensely private" matter such as HIV or transgender status, which if disclosed could place Plaintiff at risk of harm or amount to punishment. Further, the disclosure happened on just one occasion and Plaintiff does not indicate that the incident caused him any psychological distress or negative consequences. His description of the encounter with Totten does not suggest that she intended to humiliate or embarrass Plaintiff. He is no longer assigned to the prison where the incident occurred among the inmates who may have overheard the exchange. And finally, Totten's direction for Plaintiff to urinate in a cup outside his cell did not expose him to significantly less privacy than normal, as prison cell toilets are open to the view of anyone in the area.

The Complaint does not specifically invoke HIPAA as grounds for Plaintiff's privacy claim, but even if a disclosure violated that statute, HIPAA does not authorize an individual to sue over a violation. "HIPAA does not furnish a private right of action." *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006)); *see also Doe v. Bd. of Trs. of Univ. Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) ("HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create

a private cause of action, leaving enforcement to the Department of Health and Human Services alone."); 42 U.S.C. §§ 1320d-5(a)(l), 1320d-6.

For these reasons, Plaintiff's claim against Totten does not rise to the level of a federal constitutional or statutory violation.

Furthermore, even if the Complaint had stated a viable claim, there is no supervisory liability in a civil rights action brought pursuant to 28 U.S.C. § 1983. Accordingly, Plaintiff cannot maintain his claims against Wexford or the IDOC. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (medical corporation can only be held liable for deliberate indifference to a serious medical condition if it had a policy or practice that caused the constitutional violation); *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (no supervisory liability in § 1983 actions). Additionally, the Eleventh Amendment bars federal suits for money damages against a state or its agencies. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agency is not a "person" that can be sued under § 1983).

Count 1 against Totten, Wexford Health Sources, and the IDOC will be dismissed for failure to state a claim upon which relief may be granted.

### Count 2

The Complaint does not claim that Livingston had any personal involvement in Plaintiff's encounter with Totten at his cell where Plaintiff's medical condition was disclosed. Livingston's only alleged role in the matter was that Livingston, as a correctional counselor, failed to investigate Plaintiff's grievance over the issue. (Doc. 1, p. 12).

The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th

Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Thus, a failure to investigate Plaintiff's grievances, or any other action or inaction with regard to the grievance procedure, will not support an independent constitutional claim. Count 2 against Livingston will also be dismissed for failure to state a claim upon which relief may be granted. Because neither count states a cognizable claim, the Complaint will be dismissed in its entirety.

When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). If it is clear that any amendment would be futile, however, leave to amend need not be granted. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021). In light of the discussion above and based on the facts elaborated in the Complaint, the Court is skeptical whether Plaintiff can state a viable claim in an amended pleading. However, out of an abundance of caution, Plaintiff will be allowed to amend his Complaint to set forth any facts that may exist to support a constitutional claim. *See Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (collecting cases).

## PENDING MOTIONS

Plaintiff has filed two motions for recruitment of counsel (Docs. 5, 9). The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's second motion demonstrates that he has

satisfied the first *Pruitt* element of making a reasonable attempt to obtain counsel by writing to dozens of attorneys seeking representation; he attaches seven rejection letters. (Doc. 9, pp. 1, 3-11). Looking at the second factor, however, it appears that Plaintiff is competent to litigate the case himself at this early stage. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Plaintiff's education is limited to grade school only, he suffers from PTSD, and he raises concern that his imprisonment will hinder his ability to research and litigate his claim. Nonetheless, Plaintiff's Complaint is organized, concise, and competently articulates the relevant facts and his legal claims. (Doc. 1). At this juncture, the Court is merely concerned with whether this action will survive the required screening under 28 U.S.C. § 1915A, and all that is required is for Plaintiff to include pertinent factual content regarding the events that led to his claims. Plaintiff alone has knowledge of these facts, and no legal training or knowledge (or access to law library time) is required to set them down on paper. Therefore, the recruitment of counsel is not warranted at this time and the motions (Docs. 5, 9) are **DENIED** without prejudice. Although the motions are denied at present, Plaintiff may renew his request for counsel, if necessary, as the case progresses.

## DISPOSITION

**IT IS THEREFORE ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 30 days of the entry of this order (**on or before September 1, 2022**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 21-1119-SPM.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. If the First Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

Alternatively, if Plaintiff decides to voluntarily dismiss this action, he shall file a written notice of dismissal with the Clerk of Court before the deadline stated above. If the action is voluntarily dismissed, the Court will not count this case as one of Plaintiff's three "strikes."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 2, 2022**

>                         *s/ Stephen P. McGlynn*
>                         **STEPHEN P. McGLYNN**
>                         **United States District Judge**

9